UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMARR T. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 259 CDP |
| | ) | |
| REX M. BURLISON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

# <u>MEMORANDUM AND ORDER</u>

Before me is self-represented petitioner Lamarr T. Harris's motion for leave to proceed in forma pauperis on this habeas corpus petition. Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. Although Harris has not submitted a certified prison account statement, the financial information he has submitted indicates that he is unable to pay the filing fee. Having reviewed the motion, the Court will grant it and waive the filing fee. Furthermore, after reviewing the Petition and petitioner's other filings, the Court will summarily dismiss this case.

---

[1] Petitioner named as the respondent the former judge who presided over his criminal proceedings, the Hon. Rex M. Burlison. But as he is currently in confined in the St. Louis City Justice Center, Commissioner of Corrections Nathaniel Hayward is the proper respondent. As such, the Court will instruct the Clerk of Court to change the docket to reflect the proper respondent in this action.

Harris was charged in the Circuit Court of the City of St. Louis, Missouri, with two counts of rape in the first degree, one count of sodomy in the first degree, two counts of armed criminal action, and two counts of kidnapping in the first degree. Case No. 2022-CR0244-01, Circuit Court for the Twenty-Second Judicial Circuit. He has not been sentenced, his criminal case is still ongoing, and no judgment has been entered. Harris is currently confined at the St. Louis City Justice Center awaiting a determination on whether he should be found permanently incompetent to proceed with the criminal case. Missouri Case Net, Case No. 2022-CR0244-01 (last accessed 9/28/26).

Harris filed the instant habeas petition on the Court's standard form for motions under 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence, but § 2255 does not apply here because he is not in federal custody. I will construe the petition as one filed under 28 U.S.C. § 2241, because that is the appropriate habeas statute for a pretrial detainee challenging his confinement. *See Bin Bey v. Clemons-Abdullah,* 4:24CV99SEP, 2024 WL 3706782 (E. D. Mo. July 1, 2024) (citing *Palmer v. Clarke*, 961 F.2d 771, 774-775 (8th Cir. 1992); *Walck v. Edmondson,* 472 F.3d. 1227,1235 (10th Cir. 2007); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

In addition to his petition, Harris has filed numerous letters. Liberally construing Harris's filings, he appears to argue that his conviction and confinement

violate his due process rights because the state Court found him guilty and then determined that he was not competent to proceed, which he argues is inconsistent. A review of the state docket sheet shows that the Court held a bench trial on December 8, 2021 and December 27, 2021. Petitioner Harris represented himself. On January 19, 2022, the Court entered Findings of Fact and Conclusions of Law, determining that petitioner was guilty; it then scheduled sentencing for a later date. The next day, however, January 20, 2022, an Order for mental evaluation was entered.[2]

Thereafter the sentencing was continued several times and at least two Orders finding petitioner incompetent to proceed were entered, on February 16, 2023 and again on October 30, 2025. Petitioner has never been sentenced and no judgment has been entered. Most recently, on September 14, 2026, the Missouri Attorney General filed a Motion for Order Finding Defendant Permanently Incompetent to Proceed and Suspending Proceedings. That motion remains pending.

Although pretrial detainees may bring a petition for relief under 28 U.S.C. § 2241, federal courts should not interfere with a state's pending judicial process absent extraordinary circumstances. *Sacco v. Falke,* 649 F.2d 634, 636 (8th Cir.

---

[2] Petitioner has provided incomplete and confusing portions of the state court record in his many filings, which is why the Court has reviewed Missouri Case Net to determine the relevant history of petitioner's state case.

1981). Petitioners must therefore exhaust all available state remedies first, unless they can show "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). "In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings." *See Blanck v. Waukesha Cnty*, 48 F. Supp. 2d 859 (E.D. Wis. 1999).

Harris has not shown that he has exhausted his state remedies, nor has he shown any special circumstances that might excuse him from that requirement. His case is being actively litigated before the state court, and that court may consider his argument that he cannot be both guilty and incompetent. His petition for habeas corpus relief must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the respondent's name on the docket from Rex M. Burlison to Nathaniel Hayward.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2026.